THOMAS, J.,
concurring in result only.
I concur with the majority opinion, but only because we are bound by prior decisions which, in my view, were incorrectly decided. This court’s prior decisions in Staffmark v. Merrell, 43 So.3d 792 (Fla. 1st DCA 2010), and Pearson v. Paradise Ford, 951 So.2d 12 (Fla. 1st DCA 2007), incorrectly interpreted section 440.15(5)(b), Florida Statutes, regarding apportionment. These decisions establish an irrational rule, not grounded in statute, that an E/C cannot apportion a preexisting condition that was incurred in an industrial context.
Our prior decisions have mistakenly applied the definition of a preexisting condition in the context of allocating benefits and applied it to the apportionment context. Here, for example, if Claimant had in fact received workers’ compensation benefits for her previous industrial accidents, our rule would preclude E/C from obtaining apportionment, even where it is undisputed that the previous industrial accidents resulted in a preexisting condition. By conflating section 440.15(5)(b) with section 440.42(4), Florida Statutes, our court has confused the concept of apportionment, which only involves an employer and a claimant, with allocation of benefits, which involves multiple employers disputing their share of liability.
Thus, while I concur in the result here, I think this court should reconsider its prior decisions and correctly differentiate between apportionment of costs between an employer and a claimant, and the allocation of benefits between multiple employers and a claimant.